Michael D. Braun (167416)
THE BRAUN LAW GROUP, P.C.
10680 West Pico Blvd., Suite 280
Los Angeles, California 90064
Telephone: (310) 836-6000
Facsimile:   (310) 836-6010
e-mail: mdb@braunlawgroup.com

JS-6

Roy A. Katriel (*pro hac vice*)
THE KATRIEL LAW FIRM
1101 30th Street, N.W.  Suite 500
Washington, DC 20007
Telephone: (202) 625-4342
Facsimile:   (202) 330-5593
e-mail: rak@katriellaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE VIZZI, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>MITSUBISHI MOTORS NORTH AMERICA, INC.<br><br>Defendant. | CASE NO.  SA CV 08-650 JVS (RNB)<br><br>**FINAL ORDER AND JUDGMENT**<br><br>Complaint filed:   June 12, 2008<br>Trial Date:           None Set<br>Hearing Date:      February 22, 2010<br>Time:                   1:30 pm |

Case No. SACV08-650 JVS (RNBx)         [REVISED PROPOSED] FINAL ORDER AND JUDGMENT

Having considered the Settlement Agreement dated August 9, 2009, including the exhibits annexed thereto (the "Stipulation and Settlement Agreement"); the Long Form Notice ("Notice") and Summary Notice provided in accordance with the Preliminary Approval Order of this Court; the parties' Stipulation To Revise the Settlement Agreement dated October 9, 2009; a fairness hearing having been held on February 22, 2010 and on March 29, 2010 for the purpose of determining whether the Settlement is fair, reasonable, and adequate and should be approved by the Court in full settlement of the captioned action; and upon all papers filed and proceedings had herein, good cause having been demonstrated to this Court's satisfaction under the applicable law and rules of procedure:

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.     This Final Order and Judgment incorporates by reference the definitions in the Stipulation and Settlement Agreement as Amended by the parties Stipulation to Revise the Settlement Agreement.  All defined terms used herein shall have the same meanings as set forth in the Stipulation and Settlement Agreement as amended.

2.     The Court hereby approves the Settlement, as fair, reasonable and adequate, and directs consummation of all the terms and provisions of the Stipulation and Settlement Agreement as amended by parties Stipulation to Revise

the Settlement Agreement. With respect to its determination that the Settlement is fair, reasonable and adequate, the Court specifically notes that the outcome of further litigation, including Plaintiff's anticipated motion for class certification was uncertain as to ultimate resolution and scope of any class certified. Likewise, the outcome of any litigation on the merits was uncertain for either party. The Court also finds that the duration, cost, and expense of continuing to litigate this action posed a real risk to the members of the Settlement Class and to Defendant, thereby making settlement on fair and reasonable terms, a reasonable alternative. The Court finds that the Settlement Agreement was reached with the participation of a respected mediator and retired federal judge through adversarial and arms-length negotiation; and, that the Settlement reflects a substantial benefit to Class Members.

        3.     The Class certified for settlement purposes is defined as:

> All current U.S. owners and lessees, as of the date of the Class Notice, of a model year 2000-2008 Mitsubishi Endeavor, Eclipse, or Galant manufactured by MMNA having black color paint. Defendant's directors, officers, and employees are excluded from the Class.

        4.     The Class meets all the requirements of Fed. R. Civ. P. 23(a) and (b)(3), as initially found and for the reasons set forth in the Court's Order entered on October 13, 2009, Granting Preliminary Approval to the Settlement Agreement. The Court entered an Order on February 22, 2010, in which it denied

without prejudice final approval to the settlement because the Court raised questions about the typicality of named class representative Pete Vizzi's claims, as he evidently faced a statute of limitations defense that depended on the success of a fraudulent concealment argument. That Order permitted Class Counsel to resubmit the Settlement for final approval by a group of representatives who do not face the typicality issues faced by Mssrs. Vizzi and Quevedo acting as the only named class representatives. Class Counsel have since submitted and filed the Declaration of John Canter, a member of the putative class and the owner of a 2005 Mitsubishi vehicle that has experienced paint delamination but whose delamination is not covered by the factory warranty as a result of the mileage on Mr. Canter's vehicle. Through his Declaration, Mr. Canter has ratified the proposed Settlement and has asked to participate as an additional Class Representative. Given the submission of the proposed Settlement by putative Class Members, like Mssrs. Pete Vizzi and Robert Quevedo, Jr., whose claims depend on a fraudulent concealment argument, as well as by Class Members like Mr. John Canter, whose claim does not depend on a fraudulent concealment argument, any prior concerns expressed by the Court regarding the typicality prong for class certification have now been allayed and resolved to the Court's satisfaction.

     5.    The Court has not determined the merits of, and this Final Order and Judgment shall not constitute any finding or determination of, the claims

and defenses in this Action or evidence that this Action could properly have been litigated on behalf of any class.  Nothing in this Final Order and Judgment, the Settlement Agreement, or the parties' Stipulation to Amend the Settlement Agreement, and no aspect of the Settlement Agreement is or shall be deemed or construed to be an admission, concession or evidence of any violation of any statute or law or any liability or wrongdoing by any Defendant or Released Party or of the truth of any of the factual or legal claims or allegations relating to the subject matter of the action.

    6. Notice of the Settlement has been given, and by the deadline set forth in Settlement Agreement by way of mailed notice, and a summary version of the Notice has been published in a nationwide periodical and on a website set up by the Settlement Administrator, all in conformance with the Settlement Agreement.   In addition, the settlement website was updated to provide notice of the addition of Mr. Canter as a named class representative and of the adjournment of the Fairness Hearing until March 29, 2010. The notice and summary notice given, and their means of dissemination, constitute the best notice practicable under the circumstances and comports with the due process requirements.

    7. The action is dismissed with prejudice as to all Class Members who did not request exclusion from the Class in the time and manner provided for in the Notice.  A list of all persons who submitted requests for exclusion is

Case No. SACV08-650 JVS (RNBx)    [REVISED PROPOSED] FINAL ORDER AND JUDGMENT

attached as an Exhibit to the Declaration of Matthew Pohl In Support of Plaintiff's Unopposed Motion for Final Approval of Settlement Agreement.

8. Effective upon the Settlement Agreement becoming Final, as that term is defined in the Stipulation and Settlement Agreement, each Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall fully, finally and forever release, relinquish and discharge Defendant and the Released Parties from all manner of claims, demands, actions, suits, causes of action (whether class, individual, or otherwise in nature), whether based on federal, state or other law, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that any Releasor ever had, now has or hereafter can, shall or may have, whether or not he, she or it makes a claim upon or participates in the Settlement Escrow Fund, whether directly, representatively, derivatively or in any other capacity, by reason of, concerning or relating to in any way any conduct and/or cause of action that was or could have been alleged in the Action or in any action against the Released Parties, or any of them, for conduct alleged in this Action regarding paint delamination of their vehicles.

9. In addition to the release of claims as specified in ¶ 8, when the Settlement becomes Final, each Class Member will be deemed to have waived, released and relinquished any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which states:

> **Certain Claims not Affected by General Release.  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;**

and by any law of any other state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

10. The Court has considered that each Class Member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of ¶¶ 8-9 hereof, but each Class Member by operation of this Final Order and Judgment waives and fully, finally and forever settles and releases, upon this Settlement becoming Final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of ¶¶ 8-9 of this Final Order and Judgment, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

Case No. SACV08-650 JVS (RNBx)   [REVISED PROPOSED] FINAL ORDER AND JUDGMENT

11. All members of the Class who did not request exclusion from the Class in the time and manner provided in the Notice, are hereby barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against any Released Person based on, relating to, or arising out of, any of the matters which are discharged and released pursuant to ¶¶ 8 – 9.

12. The Court awards attorneys' fees of $733,185.51 and expenses of $15,531.46 to Class Counsel. The Court finds that the foregoing fee award is reasonable. Defendant is directed to make payment to Class Counsel for the foregoing fees and expenses awarded within the time frame set forth in Section 7.3 of the Settlement Agreement.

13. The Court awards Plaintiff Pete Vizzi an Incentive Award of $10,000.00, said sum to be paid by Class Counsel from their fee and expense award, in recognition and compensation for Mr. Vizzi's investment of time and effort in litigating this action on behalf of the Class.

14. The Court has received and considered timely filed objections itemized in Exhibit H to the Declaration of Roy A. Katriel in Support of Plaintiff's Unopposed Motion for Final Approval of Settlement and Award of Attorneys' Fees. The Court has reviewed and considered each of these objections, and hereby overrules each and every one of them. Collectively, the objections' complaint that

Case No. SACV08-650 JVS (RNBx)                    [REVISED PROPOSED] FINAL ORDER AND JUDGMENT

the Settlement Agreement's benefits are insufficient or fail to require Defendant to pay for the full cost of repainting a vehicle.  These objections fail to recognize the compromise nature of the Settlement Agreement and the attendant risk of litigation that may have resulted in no benefit being distributed to any Class Member, absent the Settlement Agreement.  The Court finds that the amount of consideration offered as part of the Settlement Agreement are fair and reasonable in light of the evidence presented as to the cost of repainting a vehicle and the risk, cost, and duration associated with continued litigation.  Other objections complain that the Settlement Agreement's resort to defining settlement benefits by mileage and age of the vehicle, including its time out of warranty, is unreasonable.  These objections fail to realize that the age and mileage of the vehicle were viewed as important factors by the parties with respect to the strength of Defendant's anticipated statute of limitations and "normal deterioration" defenses to class certification and merits arguments.  Consideration of these factors in allocating settlement benefits is therefore proper.  These objections are also overruled.  Other objections complained that the Settlement Agreement failed to compensate for emotional injury, such as embarrassment, humiliation or added stress in having to deal with a vehicle having poor appearance.  The grievances raised by these objections are of doubtful legal validity, and even if legally cognizable would be extremely unlikely to be subject to classwide proof.  These objections are also

overruled.  The Court has considered all objections filed up until the date of the fairness hearing, whether timely or untimely postmarked, and whether or not separately identified in the moving papers.  The Court overrules all objections, finding that they do not alter the Court's finding that the Settlement Agreement is fair and reasonable.

15.     Without affecting the finality of this Final Order and Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the parties, including all members of the Class as defined above, and the execution, consummation, administration, and enforcement of the terms of the Settlement Agreement and the award of attorneys' fees pursuant to the Settlement agreement, as well as the entry of any order setting or dissolving any bond or other security requirement in connection with the filing of any appeal.

16.     There being no just reason for delay, the Clerk is directed to enter this Final Order and Judgment forthwith.

Dated:  March 31, 2010

_____
Hon. James V. Selna
United States District Judge

Case No. SACV08-650 JVS (RNBx)                [REVISED PROPOSED] FINAL ORDER AND JUDGMENT